UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-CV-01366–CAS(JCx) | Date | July 7, 2014 |
|---|---|---|---|
| Title | FLORENCIO PACLEB V. COPS MONITORING, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers:) MOTION TO DISMISS (Dkt. #17, filed , May 13, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of July 14, 2014, is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION AND BACKGROUND

On February 24, 2014, plaintiff Florencio Pacleb filed this putative class action against defendants Cops Monitoring and Does 1 through 10. The operative first amended complaint ("FAC") asserts claims for: (1) negligent violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; (2) knowing and/or willful violations of the TCPA; and (3) violations of California Penal Code § 632.7. In brief, plaintiff alleges that he received numerous automated telephone calls to his cellular telephone on December 19, 2013, from defendant, who was "looking for [an individual named] Frank Arnold." FAC ¶¶ 9-28. Plaintiff further alleges that, during at least one of these calls, defendant "attempted to sell home security to Plaintiff." Id. ¶ 13. According to plaintiff, defendant used an "automated telephone dialing system" to place these calls, id. ¶ 25, and plaintiff did not provide his "prior express consent" to receive these calls, id. ¶ 28. Plaintiff contends that defendant's acts represent negligent and/or knowing and/or willful violations of the TCPA. FAC ¶¶ 54, 58.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-CV-01366–CAS(JCx) | Date | July 7, 2014 |
|---|---|---|---|
| Title | FLORENCIO PACLEB V. COPS MONITORING, ET AL. | | |

On May 13, 2014, defendant filed a motion to dismiss the FAC's TCPA claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]  Dkt. #17.  Plaintiff filed an opposition on June 13, 2014, dkt. #21, and defendant replied on June 27, 2014, dkt. #23.  After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task

---

[1] As explained below, the portion of defendant's motion that is styled as a 12(b)(1) motion is more properly construed as a 12(b)(6) motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-CV-01366–CAS(JCx) | Date | July 7, 2014 |
| Title | FLORENCIO PACLEB V. COPS MONITORING, ET AL. | | |

that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

As relevant here, the TCPA provides that it shall be "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . for which the called party is charged for the call." 47 U.S.C. § 227(b)(1).

As stated above, plaintiff alleges that defendant violated the TCPA by calling his cellular telephone multiple times without his consent, using an automatic telephone

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-CV-01366–CAS(JCx) | Date | July 7, 2014 |
| Title | FLORENCIO PACLEB V. COPS MONITORING, ET AL. | | |

dialing system. FAC ¶¶ 9-28. According to plaintiff, defendant attempted to sell him home security services during at least one of the calls. Id. ¶ 13. Plaintiff alleges that these actions resulted in negligent, knowing, and/or willful violations of the TCPA. Id. ¶¶ 54, 58. Taking these allegations as true, as the Court must do when considering a Rule 12(b)(6) motion, the Court finds that these allegations are sufficient to state claims for negligent, knowing, and/or willful violations of the TCPA.

Defendant resists this conclusion on five grounds, none of which is availing. First, defendant contends that plaintiff lacks standing to assert a claim under the TCPA. Specifically, defendant argues that, according to the allegations in the FAC, it was trying to reach an individual named Frank Arnold, and not plaintiff. Plaintiff was therefore not the "called party" within the meaning of the TCPA because he was not the intended recipient of the alleged calls. Thus, according to defendant, plaintiff is not entitled to maintain an action under the TCPA.[2]

The federal courts are divided as to whether actions under 47 U.S.C. § 227 may be maintained by persons other than the intended recipient of an automated call. Some courts have found that an action for violation of 47 U.S.C. § 227 may only be maintained by the person whom the defendant intended to reach. E.g., Cellco Partnership v. Dealers Warranty, LLC, 2010 WL 3946713, at *10 (D.N.J. Oct. 5, 2010). These courts have interpreted the phrase "called party" within 47 U.S.C. § 227(b) to mean the "intended recipient" of the call. Under this interpretation of the TCPA, plaintiff would not be able to maintain an action for violation of 47 U.S.C. § 227 because, according to the allegations in the FAC, defendant was trying to reach an individual named Frank Arnold,

---

[2] Defendant styles this argument as a challenge to the Court's subject matter jurisdiction pursuant to Rule 12(b)(1), on the grounds that plaintiff lacks "standing" to maintain an action under the TCPA because he was not the "called party." This argument, which is based on the interpretation of the terms of the TCPA, is properly construed as a challenge to plaintiff's statutory standing under that law, and not his Article III standing under the United States Constitution. Accordingly. the Court construes defendant's standing argument as arising under Rule 12(b)(6). See Simmonds v. Credit Suisse Securities (USA) LLC, 638 F.3d 1072, 1087 n.6 (9th Cir. 2010), vacated and remanded on other grounds, 132 S. Ct. 1414 (2012) (noting that "questions of statutory standing must be raised in a [Rule] 12(b)(6) motion").

Case 2:14-cv-01366-CAS-JC   Document 26   Filed 07/07/14   Page 5 of 7   Page ID #:183

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                 'O'

| Case No. | 2:14-CV-01366–CAS(JCx) | Date | July 7, 2014 |
|---|---|---|---|
| Title | FLORENCIO PACLEB V. COPS MONITORING, ET AL. | | |

and not plaintiff himself.  Conversely, other courts have found that the phrase "called party" means "the person subscribing to the called number at the time the call is made."  E.g., Soppet v. Enhanced Recovery Co., 679 F.3d 637, 643 (7th Cir. 2012); Olney v. Progressive Cas. Ins. Co., --- F. Supp. 2d --- , 2014 WL 294498, at *2-3 (S.D. Cal. Jan. 24, 2014).

The Court finds the latter group of cases to be more persuasive.  In particular, the Court is persuaded by the Seventh Circuit's analysis in Soppett.  In Soppett, the court engaged in a detailed analysis of the statutory language of the TCPA.  The court observed that the phrase "called party" occurs a total of seven times throughout 47 U.S.C. § 227.  679 F.3d at 640.  The court determined that four of those occurrences "unmistakably denote the current subscriber" because they refer to "the person who pays the bills or needs the line in order to receive other calls."  Id.  The court also found that a fifth occurrence of the phrase refers to "whoever answers the call," and that the remaining two occurrences "have a reference that cannot be pinned down by context."  Id.  Applying the "presumption that a statute uses a single phrase consistently, at least over [a] short . . . span," the court held that all instances of the phrase "called party" in 42 U.S.C. § 227(b)(1) mean "the person subscribing to the called number at the time the call is made."  Id. at 643.  The Eleventh Circuit, the only other Court of Appeals to have considered this issue to date, concurs with the Seventh Circuit.  See Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1251 (11th Cir. 2014).  The Court follows the lead of the Seventh and Eleventh Circuits, and concludes that "called party" means the subscriber to the called number at the time the call is made.  Here, the plaintiff is alleged to be that person.  FAC ¶ 27.  Accordingly, the Court finds that the FAC properly alleges that plaintiff is the called party, and may maintain an action for a violation of 47 U.S.C. § 227(b).

Next, defendant argues that plaintiff's TCPA claims fail because, according to the allegations in the FAC, the calls were made for emergency purposes, namely, to alert plaintiff that a security alarm had been triggered at his residence.  Therefore, according to defendant, the alleged calls fall within the "emergency exception" to 47 U.S.C. § 227, which proscribes "any call (other than a call made for emergency purposes . . .)."  This argument fails because the FAC alleges that at least one of the calls was for the purpose of "sell[ing] home security to plaintiff," and not for emergency purposes.  See FAC ¶ 13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-CV-01366–CAS(JCx) | Date | July 7, 2014 |
|---|---|---|---|
| Title | FLORENCIO PACLEB V. COPS MONITORING, ET AL. | | |

(alleging that "Defendant contacted . . . Plaintiff at 7:04am looking for Frank Arnold and attempted to sell home security to Plaintiff").[3]

Defendant's third argument is that its business is "'exclusively focused on' alarm dealers" and has no direct relationship with downstream consumers of security services. Defendant argues that it is therefore implausible that it would have "attempted to sell home security to plaintiff." This argument fails because it is grounded on factual assertions that do not appear in the FAC. Moreover, while defendant attempts to support these assertions by seeking judicial notice of an image of its webpage, the Court does not consider this evidence at this stage because it is "subject to reasonable dispute." See, e.g., Hurd v. garcia, 454 F. Supp. 2d 1032, 1055 ( S.D. Cal. 2006). Accordingly, defendant's request for judicial notice of the image of its webpage is DENIED.[4]

Finally, defendant argues that certain allegations in the FAC are conclusory and therefore should not be assumed to be true for the purposes of the present motion. First,

---

[3] Defendant observes that certain statements in plaintiff's opposition brief seem to suggest that all of the alleged calls were for the purpose of alerting plaintiff (or at least the individual named Frank Arnold) of an ongoing security alarm. See Reply at 5-6. Regardless of what plaintiff's opposition brief might suggest, the Court takes the allegations in the FAC as true, and finds on that basis that at least one of the alleged calls does not fall within the emergency exception. See Schneider v. Cal. Dept. of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). The Court expresses no view on the merits of defendant's argument that the alleged calls fall within the emergency exception contained in 47 U.S.C. § 227. This argument is more properly raised at a later stage after the record has been more fully developed.

[4] Defendant also requests that the Court take judicial notice of a decision of the District Court for the Northern District of California, which, according to defendant, shows that plaintiff has "filed . . . class action lawsuits under the TCPA alleging that he has received unwanted calls from various security service providers." Mot. at 1. The Court DENIES this request because plaintiff's involvement in other class action lawsuits is irrelevant to the Court's consideration of the present motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL   'O'

| Case No. | 2:14-CV-01366–CAS(JCx) | Date | July 7, 2014 |
|---|---|---|---|
| Title | FLORENCIO PACLEB V. COPS MONITORING, ET AL. | | |

defendant argues that the FAC does not sufficiently allege that defendant used an automatic telephone dialing system ("ATDS"). This argument lacks merit. Plaintiff alleges that the defendant called him using an ATDS. FAC ¶ 25. Whether defendant actually did so is better adjudicated after the evidentiary record has been developed. Similarly, defendant argues that the FAC does not adequately allege that defendant acted knowingly and/or willfully in violating the TCPA. This argument fails because the FAC alleges that defendant's conduct constituted "multiple knowing and/or willful violations of the TCPA," see FAC ¶ 58, and the Court takes this allegation as true for the purposes of the present motion.

Thus, the Court concludes that the FAC states claims for negligent, knowing and/or willful violations of 47 U.S.C. § 227.

## IV.   CONCLUSION

In accordance with the foregoing, defendant's motion to dismiss is hereby DENIED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |